UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDITH WALTON, as the surviving daughter of decedent, RHONDA WALTON, ) ) ) | |
| Plaintiff, ) ) | No. 4:24 CV 253 CDP |
| v. ) ) | |
| GEORGIAN GARDENS HEALTHCARE LLC, et al., ) ) ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

Upon careful consideration of the parties' respective arguments on defendants' motion to file their disclosure statements under seal (ECF 16), I will deny the motion.

It is well-established that there is a common law presumption of public access to judicial records. *United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023). I disagree with defendants' assertion that that presumption attaches only when the document in question is necessary to an adjudication on the merits of an issue in the case, including jurisdictional issues. While the document's relevance to the substantive issues goes to the weight accorded the presumption, I nevertheless begin with the presumption in determining whether a party is justified in seeking to seal information from the public. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th

Cir. 2013) (discussing weight to be given presumption in view of the role the material at issue has in the case and its value to the public); *Ball-Bey v. Chandler*, No. 4:18-CV-01364-SPM, 2024 WL 888396, at *3-4 (E.D. Mo. Feb. 13, 2024) (same).  Even where a document is irrelevant to the adjudication of a case and thus renders the presumption weak, the party seeking to prevent public disclosure "still must produce compelling reasons to justify keeping such records sealed." *Ball-Bey*, 2024 WL 888396, at *5.  *See also Mayer v. Patriot Pickle, Inc.*, No. 23-CV-1299-LIV, 2024 WL 162881, at *4 (W.D. N.Y. Jan. 16, 2024) (moving party must offer evidence sufficient to overcome even a weak presumption).  Defendants have failed to do so here.

Defendants contend that their disclosure statements reveal their business structure as well as their members' identities and citizenship, which information is confidential, sensitive, and not publicly available.  Defendants argue that disclosing such information exposes them to potential harm, including reputational damage, publicity, invasion of their privacy regarding business investments, and future lawsuits; but they provide no explanation or specific details as to how disclosure puts them at such risk.  This Court has held that such conjecture and conclusory statements about potential harm, with nothing more, do not constitute compelling reasons to justify sealing an entity's disclosure statement.  *See Wilkins v. Tory Burch, LLC*, No. 4:23-CV-422 RLW, 2023 WL 3600084, at *2 (E.D. Mo.

May 23, 2023) (assertion that members are investors and their identity is sensitive information is insufficient to justify sealing) (listing cases); *Intrua Fin. Holdings, LLC v. Keller*, No. 4:23-CV-1187 RLW, 2023 WL 7497650, at *1 (E.D. Mo. Nov. 13, 2023) (assertions that members are investors and employees, that their identities constitute sensitive and confidential business information, that disclosure would invade privacy interests and discourage future investments, and that there existed potential for discontent among employees are insufficient to justify sealing) (listing cases).  *See also Mayer*, 2024 WL 162881, at *4 (assertions that corporate structure and ownership information are confidential and not commonly known to public, and that privacy interests are at stake are insufficient to justify sealing) (listing cases).  As observed by the district court in *Darton Archery, LLC v. Bowtech, LLC*, "Corporations and limited partnerships may offer individuals protection from liability, but they do not entitle individuals to anonymity in court proceedings."  No. C.A. 23-140-CFC, 2023 WL 27557609, at *1 (D. Del. Apr. 3, 2023).

"[O]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st. Cir. 2005)) (alteration in *In re Neal*). Defendants' conclusory statements here do not constitute compelling reasons.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion for Leave of Court to File Their Disclosure Statements Under Seal [16] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of April, 2024.